# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| ALEXANDER A. FELS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 18 C 5284 |
| v. | ) | |
| | ) | Hon. Virginia M. Kendall |
| UNITED STATES SENATOR MITCH MCCONNELL and PRESIDENT DONALD TRUMP, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Currently before the Court are *pro se* Plaintiff Alexander Fels's Motion for Temporary Restraining Order and Germane Subpoena(s) (Dkt. 1) and application for leave to proceed *in forma pauperis* (Dkt. 3). For the reasons explained below, the Court dismisses Fels's Motion and denies as moot his *in forma pauperis* application.

## STATEMENT

Under 28 U.S.C. § 1915(e)(2), the Court is required to screen the complaint of a plaintiff who seeks to proceed *in forma pauperis* and dismiss a complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock*, 549 U.S. 199, 214 (2007). Also, federal courts may raise their subject matter jurisdiction at any stage of the proceedings. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); *Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015).

On August 2, 2018, Fels filed what he labeled a "Motion [for] Temporary Restraining Order and Germane Subpoena(s)" (Dkt. 1), along with an application for leave to proceed *in forma pauperis* in this matter (Dkt. 3). Construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), Fels's Motion seeks to compel the production of unredacted financial documents from President Trump and to enjoin the United States Senate from continuing confirmation proceedings in relation to any United States Supreme Court nominee by President Trump before the President's financial documents are produced and reviewed. (Dkt. 1) at 9.

Supporting his motion, Fels explains that he is a Republican who voted for President Trump in the 2016 election on the hope that President Trump would fix the American healthcare system. *Id*. at 3–4. However, Fels has since become disenchanted with the President based on his actions on healthcare, his "unrelenting assault on truth," and his recent performance in Helsinki, Finland after meeting with Russian President Vladimir Putin. *Id*. at 4. Fels speculates, relying on a handful

of newspaper and television sources, that President Trump's "deference to Putin in direct contradiction of our entire intelligence community" may be on account of his financial interests with and other connections to Russia. *Id*. at 5–7. Moreover, Fels complains about (1) the President's statements that he potentially could pardon himself one day and (2) the prospect that the rushed confirmation of President Trump's nominee for the United States Supreme Court could lead to a Supreme Court justice that would try to "protect President Trump" against potential criminal charges resulting from Special Counsel Robert Muller's investigation. *Id*. at 9. And because the President's approval rating is at 36 percent, Fels fears that the "very legitimacy of the Supreme Court itself may be called into question" if the Court were required in the future to take up the issue of "President Trump's fate." *Id*. at 10.

This is not the first time Fels has filed a federal action seeking to enjoin Senate proceedings relating to a Supreme Court nominee, *see Fels v. The United States Senate*, No. 17 C 2398 (N.D. Ill. Mar 30, 2017) (dismissing the case on the basis of legislative immunity), or seeking the production of certain financial documents of the President, *see Fels v. McConnell*, No. 17 C 4771 (N.D. Ill. June 29, 2017) (dismissing case wherein Fels sought a TRO halting the President's healthcare plans, Senator Mitch McConnell's and Speaker Paul Ryan's financial and campaign records, and President Trump's tax returns and campaign records for lack of standing). For the same reasons explained in those two prior proceedings, Fels cannot proceed with his present lawsuit.

Setting aside the fact that Fels' Motion lacks any specific causes of action outside of a vague and incomplete reference to the Federal Tort Claims Act (*see* (Dkt. 1) at 13), the United States Senate has absolute legislative immunity under the Speech or Debate Clause from suits seeking damages, injunctions, and declaratory relief for conduct falling within the sphere of legitimate legislative activity. *See Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491, 503 (1975); *Doe v. McMillan*, 412 U.S. 306, 312 (1973); *see also United States v. Menendez*, 132 F. Supp. 3d 610, 619 (D.N.J. 2015), aff'd, 831 F.3d 155 (3d Cir. 2016) (immunity protects members of Congress from, among other things, judicial orders, such as injunctions, that interfere with the legislative acts themselves); *Rangel v. Boehner*, 785 F.3d 19, 21 (D.C. Cir. 2015) ("Congressmen, for example, enjoy absolute immunity from suit for their conduct in the legislative arena."). Thus, Fels's claims against Senator Mitch McConnell cannot survive.

Not only that, Fels lacks standing to bring this action. "[T]o satisfy Article III's standing requirements, a plaintiff must show (1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant[s]; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc*., 528 U.S. 167, 180–81 (2000). An injury is not particularized unless it "affect[s] the plaintiff in a personal and individual way." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 n.1 (1992). That is, "[a] plaintiff seeking relief in federal court must first demonstrate . . . that he has a personal stake in the outcome, distinct from a generally available grievance about government." *Gill v. Whitford*, 138 S. Ct. 1916, 1923 (2018) (quotations omitted) (citing *Baker v. Carr*, 369 U.S. 186, 204 (1962), *Lance v. Coffman*, 549 U.S. 437, 439 (2007) (per curiam)); *see also DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 344 (2006) (no standing where an alleged injury is more accurately characterized as a grievance that the plaintiff "suffers in some indefinite way in common with people generally") (citation omitted). In other words, a plaintiff

"claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Lujan*, 504 U.S. at 573–74.

Here, Fels sets forth only generalized grievances concerning allegedly illegal government conduct that he shares with a segment of the public generally: protesting a future Senate confirmation vote on a Supreme Court nominee and complaining about President Trump's broken campaign promise to release his tax returns because, in some combination, these events could create a legitimacy crisis within the U.S. system of government. Fels's allegations in favor of standing only further support this conclusion. He alleges that he has standing because he is a "sixth generation American with long standing documentable voting record," he is a "citizen owner of this nation," and President Trump essentially procured his vote by fraud by making false representations about his financial documents during the campaign. But "[b]eing simply a voter and a citizen does not satisfy the standing requirement." *Griffin v. Roupas*, 2003 WL 22232839, at *8 (N.D. Ill. Sept. 22, 2003), *aff'd*, 385 F.3d 1128 (7th Cir. 2004) (citing *U.S. v. Hays*, 515 U.S. 737, 743 (1995)); *see also Weinstein v. Trump*, No. 2017 WL 6544635, at *3 (S.D.N.Y. Dec. 21, 2017) (claims regarding President Trump's failure to honor a campaign promise to donate all profits from foreign governments' patronage of his hotel and related businesses during the course of his presidency were insufficient to confer standing because they were nothing more than a generalized grievance that plaintiff shared with the public). Because Fels has failed to allege a particularized injury that affects him in a "personal and individual way," he lacks standing. Therefore, his Motion (Dkt. 1) is dismissed and his application for leave to proceed *in forma pauperis* (Dkt. 3) is denied as moot.

Hon. Virginia M. Kendall
United States District Judge

Date: August 7, 2018