IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Alexander A. Fels | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 C 5284 |
| | ) | |
| v. | ) | Judge Virginia M. Kendall |
| | ) | |
| Mitch McConnell, et al | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

On 8/8/18, the Court dismissed *pro se* Plaintiff Alexander Fels's complaint—styled as a Motion for Temporary Restraining Order and Germane Subpoena(s)—without prejudice for lack of Article III standing and entered judgment. (Dkt. [9]). On 8/22/18, Fels moved for reconsideration. (Dkt. [11]). Although Fels does not indicate the rule he invokes in seeking reconsideration, because his motion was filed 14 days after judgment was entered in this case the Court will construe the motion as brought pursuant to Federal Rule of Civil Procedure 59(e). *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (motions filed within Rule 59(e) period construed based on their substance, not their timing or label). Under Rule 59(e), the Court has an opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006); *see also Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013). Here, Fels discusses recent news events (for example, the President's action of rescinding of security clearances for former intelligence community officials and the conviction of Paul Manafort), but these events do not warrant reconsideration of the Court's prior order—nor are they even relevant to this proceeding. More to the point on standing, Fels argues that he currently is undergoing cancer treatment, that he will need treatment for his lower back on some later date because of injuries sustained in a car accident in 1985, and that a former medical issue with his neck has re-emerged. (Dkt. [11]) at 9. He argues that if he does not receive proper treatment for his maladies, he could end up paralyzed or reliant on a ventilator. His concern is that the current Supreme Court nominee may someday be part of a Supreme Court decision that negatively affects the Affordable Care Act— in particular, its provisions about the coverage of individuals with pre-existing conditions. He argues that this gives him standing to enjoin the confirmation proceedings. First, Fels has not made any showing that this evidence was newly discovered or previously unavailable at the time he submitted his complaint on 8/2/18, and he failed to set forth this standing theory at that time. A motion to reconsider cannot "be employed as a vehicle to introduce new evidence that could have been adduced" earlier, *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) (citation omitted), or "to tender new legal theories for the first time," *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). But even if he had, these new facts and arguments do not expose any error in the Court's prior reasoning because Fels still fails to show that he has suffered an injury that is (1) concrete and particularized and

actual or imminent, (2) fairly traceable to the conduct of the defendants, and (3) likely and redressable by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000). Fels's alleged injury is based on nothing other than conjecture and hypotheses; it entails the satisfaction of far too many conditions—some very remote—to be considered a concrete and imminent injury that can be remedied simply by enjoining Senate confirmation proceedings on a specific nominee for a time. Further, by Fels's own admission, even this alleged injury is not particularized: "I am not alone in this fiasco. Roughly half of the 36 [] percent of our populace still believing in Trump will find themselves similarly devoid of health care coverage." (Dkt. [11]) at 10; *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 344 (2006) (no standing where an alleged injury is more accurately characterized as a grievance that the plaintiff "suffers in some indefinite way in common with people generally") (citation omitted). For these reasons, Fels's Motion for Reconsideration (Dkt. [11]) is denied.

Date: September 11, 2018

Hon. Virginia M. Kendall
United States District Judge

2