IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALEXANDER A. FELS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 18 C 5284 |
| v. | ) | |
| | ) | Hon. Virginia M. Kendall |
| UNITED STATES SENATOR MITCH MCCONNELL and PRESIDENT DONALD TRUMP, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Currently before the Court is *pro se* Plaintiff Alexander Fels's application for leave to proceed *in forma pauperis* on appeal. (Dkt. 22). For the reasons explained below, Fels's motion is denied.

## STATEMENT

On August 2, 2018, Fels filed what he labeled a "Motion [for] Temporary Restraining Order and Germane Subpoena(s)" (Dkt. 1), along with an application for leave to proceed *in forma pauperis* in this matter (Dkt. 3). In brief, the Motion sought to subpoena certain financial records from President Donald Trump and to block the Senate confirmation process for now Justice Brett Kavanaugh until the subpoenaed documents are produced and reviewed. (Dkt. 1). On initial screening pursuant to 28 U.S.C. § 1915(e)(2), the Court dismissed the matter, finding that Fels lacked standing to bring his claims and also that his injunction-related claims were barred by legislative immunity. (Dkt. 9). Judgment was entered on August 8, 2018. (Dkt. 10). Fels timely moved for reconsideration, but the Court denied the motion on September 11, 2018. (Dkt. 14). Then, on October 9, 2018, Fels filed an Amended Complaint again seeking a "subpoena for Donald Trump's personal and corporate financial records in an unredacted format" on largely the same grounds as his original complaint. (Dkt. 15). On October 11, 2018, the Court dismissed the amended complaint as moot because the case was closed. (Dkt. 16).

On November 11, 2018, Fels filed a Notice of Appeal, indicating his intent to appeal the "October 12, 2018" order "dismissing the above named case." (Dkt. 17). Fels has moved for leave to proceed *in forma pauperis* on appeal. (Dkt. 22). A federal litigant who cannot afford to pay court fees may proceed *in forma pauperis*, which means that he may commence a civil action or appeal a civil judgment without prepaying fees or paying certain expenses. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015) (citing 28 U.S.C. § 1915). Federal Rule of Appellate Procedure 24 sets forth the requirements for proceeding *in forma pauperis* on appeal. Pursuant to Rule 24(a)(1), a party who wishes to proceed *in forma pauperis* on appeal must attach an affidavit that: (1) shows that the party cannot pay the filing fee; (2) "claims an entitlement to redress;" and (3) "states the

1

issues that the party intends to present on appeal." In addition, "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). To establish good faith as required by the rules, a party seeking leave to appeal *in forma pauperis* must demonstrate to the district court that "a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000); *see also Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).

Fels submitted a sworn financial affidavit that indicates that he is indigent. (Dkt. 22). Specifically, Fels's affidavit states that the last time he earned wages was in 1989 and that his only income for the past 12 months was $9,394.32 in social security and other public assistance. *Id.* at 2. He has no other assets or individuals who provide him support. However, Fels's application fails to comply with the requirements of Rule 24(a)(1)(C) in that he failed to submit a list of issues that he plans to present on appeal. *See id.*

In any event, Fels's motion is denied because his appeal is not taken in good faith. In particular, his Notice of Appeal challenges only the Court's order dismissing his Amended Complaint, which was filed after final judgment had been entered. *See* (Dkts. 16, 17). Once the Court enters judgment, a plaintiff may amend his complaint only after successfully moving to vacate or set aside a judgment under Federal Rule of Civil Procedure 59(e) or 60(b). *See Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014); *see also Foster v. DeLuca*, 545 F.3d 582, 583–84 (7th Cir. 2008) (once final judgment has been entered, "the district court lacks jurisdiction to entertain a motion for leave to amend the complaint unless the plaintiff also moves for relief from the judgment"); *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 790 (7th Cir. 2004); *Figgie Int'l, Inc. v. Miller*, 966 F.2d 1178, 1179 (7th Cir. 1992) (it is "well settled that after a final judgment, a plaintiff may amend a complaint under Rule 15(a) only with leave of court after a motion under Rule 59(e) or Rule 60(b) has been made and the judgment has been set aside or vacated"); *Amendola v. Bayer*, 907 F.2d 760, 765 n.4 (7th Cir. 1990) ("In this circuit, after judgment has been entered a party must have the judgment reopened pursuant to Federal Rule of Civil Procedure 59(e) or 60(b) and then request leave to amend pursuant to Rule 15(a)."). Here, there is no question that Fels moved for reconsideration, but his efforts were unsuccessful and the judgment was not set aside. (Dkts. 11, 14). Accordingly, the Court was without jurisdiction to entertain his later-filed Amended Complaint. *See Camp v. Gregory*, 67 F.3d 1286, 1289 (7th Cir. 1995) ("[i]f final judgment is entered dismissing the case, . . . the plaintiff loses" the right to amend his complaint); *see also Asher v. Harrington*, 461 F.2d 890, 895 (7th Cir. 1972) ("the initial action of the district court had the combined effect of dismissing the original complaint and of denying plaintiffs leave to amend"). Thus, a reasonable person could not suppose Fels's appeal of the Court's order dismissing his Amended Complaint to have some merit. Fels's appeal is not taken in good faith and his motion for leave to proceed *in forma pauperis* on appeal (Dkt. 22) is denied.

                                                                                           */s/ Virginia M. Kendall*
                                                                       Hon. Virginia M. Kendall
                                                                       United States District Judge

Date: December 12, 2018